UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH STAFFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>KAMAL SINGH, et al.,<br><br>    Defendants. | Case No. 21-cv-01909-WHO (PR)<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

**INTRODUCTION**

Plaintiff Joseph Stafford's 42 U.S.C. § 1983 complaint is DISMISSED with leave to file an amended complaint on or before **November 1, 2021**. His allegations contain unrelated or factually insufficient claims. This is improper. Fed. R. Civ. P. 20(a)(2). In the amended complaint, Stafford must decide which of his claims to pursue, as discussed below. Failure to file a proper amended complaint by the deadline, or a failure to comply in every respect with the instructions given in this order, likely will result in the dismissal of this suit and the entry of judgment in favor of defendants.

**DISCUSSION**

**A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). Pro se pleadings must be liberally construed.

*See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

Stafford alleges that (i) parole agent Kamal Singh violated his due process and religious freedom rights by compelling him "to attend another religious group and denying me my right to appeal his decision"; (ii) parole unit supervisor Shawn Wilson violated his rights under the Americans With Disabilities Act (ADA) by "telling me to give up my ADA assistance dog and move into another county to live in a program rather than helping me find suitable housing"; (iii) Shawn Wilson violated his First Amendment rights but does not provide any facts describing the violation; (iv) Asuncion Martinez, an appeals coordinator, violated his rights by failing to process his appeals; and (v) D. Jones, a parole agent, violated his religious freedom rights by denying him suitable time to find a class that was not faith-based.

Stafford's claims are based on different incidents involving different defendants. This is improper. He may not bring unrelated claims in one suit. Federal pleading rules require that claims be based on "the same transaction, occurrence, or series of transactions

or occurrences" and pose a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). In his amended complaint, he must decide which claim he wishes to pursue. He may then allege facts that give rise to that claim and any other claim that is closely related to the facts involved, as required by Rule 20(a)(2).

## CONCLUSION

The complaint is DISMISSED with leave to file an amended complaint on or before **November 1, 2021.** The amended complaint must include the caption and civil case number used in this order (21-01909 WHO (PR)) and the words FIRST AMENDED COMPLAINT on the first page. <u>The amended complaint must also appear on this Court's form.</u> Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint all the claims he wishes to present and all of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the prior complaints by reference.

Failure to file an amended complaint in accordance with this order will result in dismissal of this action under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

**IT IS SO ORDERED.**

Dated: September 16, 2021



WILLIAM H. ORRICK
United States District Judge

3